papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

In light of our determination that the defendants' motion for summary judgment should have been denied, we remit the matter to the Supreme Court, Nassau County, for a determination of the cross motion on the merits (*see e.g. Scavuzzo v City of New York*, 47 AD3d 793, 795 [2008]).

The defendants' remaining contention is without merit. Skelos, J.P., Dillon, Carni and Leventhal, JJ., concur.

JUAN CARLOS CASTRILLON et al., Respondents, v KHALID OULABED et al., Appellants. [867 NYS2d 923]

Rivera, J.P., Dillon, Covello and McCarthy, JJ., concur.

JUAN CARLOS CASTRILLON et al., Appellants, v KHALID OULABED et al., Respondents. [867 NYS2d 922]

The defendants met their prima facie burden of showing that the plaintiff Juan Carlos Castrillon (hereinafter the injured plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiffs failed to raise a triable issue of fact. The plaintiffs' submissions either did not constitute competent medical evidence in admissible form (*see Grasso v Angerami*, 79 NY2d 813, 814-815 [1991]; *Pagano v Kingsbury*, 182 AD2d 268, 270 [1992]), or otherwise failed to establish that the injured plaintiff sustained a serious injury under any statutory definition of the term (*see Eldrainy*